Fabricant, Judith, J.
INTRODUCTION
The defendants are charged with trafficking in cocaine. The charges arise from a search of a motor vehicle pursuant to a warrant. Before the Court are both defendants’ motions to suppress the fruits of the search on the ground that the affidavit in support of the warrant failed to provide probable cause. Defendant Pinto further argues that the warrant did not authorize search of her purse, which was in the vehicle at the time of execution of the warrant. After a non-ev-identiaiy hearing, for the reasons that will be explained the motions will be allowed.
BACKGROUND
The warrant application, dated March 30, 2006, was accompanied by an affidavit of Walpole Police Detective William Bausch. Bausch set forth his substantial training and experience in narcotics investigations, and then recited the following. During the month of March 2006, Bausch had conversation with a confidential informant referred to as Mike, who had on past occasions made controlled buys and provided information leading to arrests in which drugs and money were seized and from which convictions resulted. Mike stated that “he could purchase cocaine from a Hispanic male” who “delivers the cocaine while driving a red Taurus or a green Passat.”
Through Mike, Bausch conducted a controlled buy, during the month of March, from a Hispanic male driving a green Passat. Based on the license plate number of the Passat, police identified its registered owner as defendant Simon Bolkan; Bausch identified Bolkan’s Registry of Motor Vehicles photograph as matching the man who drove the Passat at the time of the controlled buy. Bausch then conducted a second controlled buy through Mike, still in the month of March; this time Bolkan made the delivery in a red Taurus, also registered to him. On March 17, 2006, police conducted surveillance of Bolkan, and observed him operating the same Passat, this time with a new registration number; Registry records revealed that defendant Pinto was now the registered owner of that vehicle. Police observed Pinto in the front passenger seat while Bolkan drove the Passat. Within the 72 hours prior to the March 30th warrant application, Bausch conducted a third controlled buy through Mike. This time Bolkan made the delivery in the Passat, registered to Pinto.
Based on that information, a warrant issued on March 30,2006, authorizing search of both the Passat and the Taurus and of Bolkan. The warrant did not authorize search of any person present. On that same date, police observed the Taurus being driven by Bolkan, with Pinto in the passenger seat. Police stopped the vehicle and ordered both the driver and the passenger out. Neither complied. Police then broke the driver’s window and forced both out of the vehicle. Police then searched the vehicle and containers within it, including Pinto’s purse. They found cocaine and other items in the vehicle and $1,500 in cash in the purse.[1]
*34 DISCUSSION
The defendants argue that the affidavit in support of the warrant failed to provide probable cause to believe that contraband would be found in the Taurus at the time of the search. They point out that the affidavit dates the first two controlled buys only in March, so that they could have occurred close to a month before the warrant, and that two of the three controlled buys, including the last, occurred in the Passat, rather than the Taurus. They point out also the absence of any arranged purchase or other triggering event that would provide a specific reason to expect that contraband would be in the Taurus at the particular time of the search.
Defendants cite Commonwealth v. Staines, 441 Mass. 521, 525 n.4 (2004). There, the Supreme Judicial Court affirmed the denial of a motion to suppress evidence seized in the search of a vehicle pursuant to an anticipatory warrant that authorized the search upon arrival of the vehicle in response to an order for drugs placed by an undercover officer, after a series of six controlled buys in that vehicle. During one of the controlled buys, the defendant responded to a request for a larger quantity than originally ordered by dropping off the informant and the undercover officer and then immediately returning with the requested product — supporting the inference that he stored his wares in a concealed location in the vehicle.
Defendants read Staines as implicitly requiring the use of an anticipatoiy warrant, with a triggering event specified in the warrant. This Court does read the decision in that manner. The SJC had no difficulty finding probable cause in Staines, based in part on the prearranged delivery as providing a basis to believe that drugs would be in the vehicle at the arranged time, but nothing in the decision suggests that the facts of that case set a minimum requirement for probable cause, or that a triggering event is the only means of establishing probable cause at the time of the search of a vehicle. Staines does, however, emphasize the importance of a nexus between the criminal activity and both the vehicle itself and the time of the search. Id. at 528.
Defendants rely also on Commonwealth v. Wade, 64 Mass.App.Ct. 648 (2005), where the majority of a divided Appeals Court panel affirmed the grant of a motion to suppress on similar facts. One member of the panel dissented vigorously, observing that “where in a pattern of drug dealing, a place to be searched— such as a vehicle — has itself twice been an instrumentality of a crime, reasonable inference supports a probable cause determination that drugs would be found in the vehicle.” 64 Mass.App. at 655 (Katzmann, J., dissenting).
The facts of Wade are not identical to those presented here. There, as the Appeals Court noted, id. at 649, the affidavit did not provide a basis for a finding of reliability of the informant. Here it did, by indicating that police knew the true identity of the informant, and that the informant’s previous disclosures had resulted in seizure of contraband and convictions. See Commonwealth v. Blake, 413 Mass. 823, 826 (1992); Commonwealth v. Bakoian, 412 Mass. 295, 301 (1992). Further, in that case police had observed the defendant leaving to make his deliveries from a location other than his home, and then returning to that location, suggesting, in the majority’s view, that his practice was to complete one transaction at a time, not to keep an inventory in his vehicle. Id. at 652. Here, the informant described a practice of deliveries in either of two vehicles, and police observation corroborated that information; no other information indicated where the defendant might keep his supply other than in either or both vehicles. On the other hand, here police had seen the Taurus used in only one transaction, up to nearly a month before the warrant, not two, although the informant’s statement would support the inference that the informant had previously made purchases from Bolkan in the Taurus.
Less than a year after Wade, the Appeals Court decided Commonwealth v. Santiago, 66 Mass.App.Ct. 515, 523-24 (2006), in which it affirmed the denial of a motion to suppress evidence seized in the search of a vehicle pursuant to a warrant. There again, the facts are similar, but not identical to these. In that-case police had evidence, lacking here, to indicate that the defendant was a high-level dealer, conducting a large-scale operation. In addition, police observed the defendant in the vehicle within seventy-two hours before the warrant, and on one occasion observed him go to the vehicle to retrieve drugs to complete a sale. Id.
In this Court’s view, the facts of this case fall considerably short of those in Staines, and somewhere between Wade and Santiago; the facts here are not quite as strong as those in Santiago, but are slightly stronger than those in Wade. Of significance here is that the informant was established as reliable, and described Bolkan’s activities in a manner that could fairly be understood as indicating an on-going enterprise, such as to support an inference of continuation over time. See Commonwealth v. Spano, 414 Mass. 178, 184-85 (1993). On the other hand, however, the only information provided about the Taurus, as opposed to the Passat, related to events that could have been nearly a month old. The question presented here is close. On the authority of Wade, the Court is constrained to conclude that the affidavit in support of the warrant failed to provide probable cause to believe that contraband would be found in the Taurus at the time of the search.
That conclusion requires suppression of all evidence found in the search, and effectively moots Pinto’s argument regarding the purse. For purposes of any future proceedings, the Court notes that, were the warrant valid, it would authorize search of everything within the vehicle, including closed containers such *35 as the purse. See Commonwealth v. Cast, 407 Mass. 891, 906-07 (1990). That the purse may have belonged to Pinto rather than to Bolkan — a point the officers could hardly have been expected to know or assume in conducting the search — would not exempt it from the scope of a valid warrant for search of the vehicle.
CONCLUSION AND ORDER
For the reasons stated, the Defendants’ Motions to Suppress are ALLOWED.

The facts regarding execution of the warrant were provided by agreement of counsel at the non-evidentiaiy heanng on the present motions.